UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

| | |
|---|---|
| BRUCE PARKER, ) | |
|     Plaintiff, ) | |
| ) | No. 2:18-CV-80 |
| v. ) | |
| ) | HONORABLE PAUL L. MALONEY |
| CONNIE HORTON, ET AL. ) | |
|     Defendants. ) | |
| ) | |

## ORDER ADOPTING REPORT AND RECOMMENDATION

This is a civil rights action brought by a *pro se* state prisoner under 42 U.S.C. § 1983. The suit arises out of the conditions of Plaintiff's confinement at the Chippewa Correctional Facility. He claims that numerous prison officials violated his First Amendment right to be free from retaliation and his Fourteenth Amendment substantive due process rights. The matter is now before the Court on Plaintiff's objections to the Report and Recommendation, which recommended denying Plaintiff's motion for a temporary restraining order.

With respect to a dispositive motion, a magistrate judge issues a report and recommendation, rather than an order. After being served with a report and recommendation issued by a magistrate judge, a party has fourteen days to file written objections to the proposed findings and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). A district court judge reviews de novo the portions of the R & R to which objections have been filed. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Only those objections that are specific are entitled to a de novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam) (holding the district court need not

provide de novo review where the objections are frivolous, conclusive or too general because the burden is on the parties to "pinpoint those portions of the magistrate's report that the district court must specifically consider"). Failure to file an objection results in a waiver of the issue and the issue cannot be appealed. *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005); *see also Thomas v. Arn*, 474 U.S. 140, 155 (upholding the Sixth Circuit's practice). The district court judge may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

Plaintiff does not object to the R & R's recitation of the facts alleged in the complaint. However, he does object to the magistrate judge's conclusion that a temporary restraining order to enjoin speculative, future sexual harassment and retaliation was unnecessary. He also asserts that the magistrate judge improperly weighed the factors for granting a temporary restraining order.

As to the former, Plaintiff stated in his motion that he is seeking an order "enjoining defendants, their successors in office, agents, and employees, and all other persons acting in concert and participation with them, from retaliating against plaintiff and from sexually and physically assaulting plaintiff or conducting skewed and bias[ed] investigations and finally filing file [sic] misconducts and disciplinary reports against plaintiff." He asserts that an injunction will protect him from "further and future harm" by Defendants.

The magistrate judge correctly concluded that a temporary restraining order to prevent hypothetical sexual harassment or retaliation in the future serves no purpose. In other words, a court order enjoining future criminal acts, such as sexual assault, or future

2

intentional violations of Plaintiff's constitutional rights imposes no additional legal duty on prison officials that they were not already subject to. *Cf. Farmer v. Brennan*, 515 U.S. 825, 834 (1994) (imposing constitutional duty on prison officials to protect prisoners committed to their care).

Second, the Court has conducted a de novo review of Plaintiff's objection that the magistrate judge improperly weighed the factors for injunctive relief. *See Planned Parenthood Ass'n v. City of Cincinnati,* 822 F.2d 1390, 1393 (6th Cir. 1987). The Court finds no error in the magistrate judge's analysis, and particularly in light of the heavy burden necessary for injunctive relief within the prison setting, *See Kendrick v. Bland*, 740 F.3d 432, 438 n.8 (6th Cir. 1984), finds that Plaintiff has not met his burden for injunctive relief.

Accordingly, the Court **ADOPTS** the Report and Recommendation as the opinion of the Court (ECF No. 11), **OVERRULES** Plaintiff's objections (ECF Nos. 15), and **DENIES** Plaintiff's motion for a temporary restraining order (ECF No 4).

**Date:** March 12, 2019 /s/ Paul L. Maloney
Paul L. Maloney
United States District Judge