UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

BRUCE PARKER,

    Plaintiff,

v.

CONNIE HORTON, et al.,

    Defendants.
_____/

Case No. 2:18-cv-80

Honorable Hala Y. Jarbou

BRUCE PARKER,

    Plaintiff,

v.

KENNETH MCKEE, et al.,

    Defendants.
_____/

Case No. 2:18-cv-186

Honorable Hala Y. Jarbou

## ORDER

This matter involves two consolidated prisoner civil rights actions filed by Bruce Parker under 42 U.S.C. § 1983. The first action, No. 2:18-cv-80, is "Case One" and the second action, No. 2:18-cv-186, is "Case Two." Defendants filed a motion for summary judgment. The magistrate judge has issued a report and recommendation ("R&R") recommending that the Court partially grant and partially deny Defendants' motion for summary judgment. (R&R, ECF No. 151.)[1] Before the Court are objections to the R&R by Plaintiff. (ECF No. 152.)

---

[1] Unless otherwise indicated, citations to the record refer to the record in Case One.

Under 28 U.S.C. § 636(b)(1) and Rule 72 of the Federal Rules of Civil Procedure, the Court must conduct de novo review of those portions of the R&R to which objections have been made. Specifically, the Rules provide that:

> The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

Fed. R. Civ. P. 72(b)(3).

Plaintiff raises six objections to the R&R.

Objection 1

The magistrate judge concluded that Plaintiff failed to provide evidence establishing an issue of fact that Defendant Stabile destroyed documents and photographs in Plaintiff's cell on January 25, 2018. Plaintiff was not present when the incident occurred and he provided no evidence to support his assertion that Stabile engaged in such conduct. Plaintiff objects to this conclusion, contending that circumstantial evidence supports his claim. However, the only evidence Plaintiff has cited is his sworn statement that Stabile questioned Plaintiff and searched him the day before the search, telling Plaintiff that he would continue to "target" Plaintiff if Plaintiff filed grievances against Stabile's supervisors. (Pl.'s Decl. in Opp'n to Mot. for Summ. ECF No. 135, PageID.938.) That evidence alone is not sufficient for a jury to reasonably infer that Stabile entered Plaintiff's cell the following day and destroyed some of his belongings.

Objection 2

The magistrate judge concluded that Plaintiff had failed to establish a "causal connection" between his PREA grievance and Defendant Belanger's decision to issue him a misconduct, for purposes of Plaintiff's retaliation claim against Belanger. (R&R 19 (discussing Claim 14 in Case One).) According to the R&R, "Plaintiff failed to explain how he knew that Sgt. Belanger issued

2

him a misconduct ticket in retaliation for grievances filed against her." (*Id.*) In his objections, however, Plaintiff refers to sworn statements by two prisoners. In the first statement, Tavares Wesley contends that he met with Belanger on or shortly after March 6, 2018 and told her that Parker was a witness to mistreatment of Wesley by another officer. According to Wesley, the following occurred:

> At the mere mention of Parker[,] Sgt. Belanger became clearly enraged and stated, "That fucker Parker with all his grievance writing and complaining is your witness?" Ask Parker what happened to him when he filed a grievance and reported staff sexual abuse. I'll tell you what happened[,] I wrote his ass a misconduct and he's become a target at Chippewa now. . . .

(Wesley Decl., ECF No. 5-2, PageID.62.)

Another prisoner, Obar Ellis, recounted the following:

> On February 8, 2018[,] I was called to the control center to speak with the Michigan State Police concerning Prisoner Parker . . . being sexually assaulted by a[n] officer. . . . Sgt. Belanger began to speak and state to me "I would advise you to not give any statement in support of prisoner Parker's allegations of being sexually assaulted by a[n] officer because if you do you will become a target like him. Ask Parker how his stay has been si[nc]e reporting that a staff member sexually assaulted him?"

(Ellis Decl., ECF No. 5-2, PageID.63.)

Plaintiff mentioned these affidavits in his response to the motion for summary judgment, but the R&R does not discuss them in its analysis. These affidavits are relevant to Belanger's motive for issuing the misconduct ticket, and they suffice to create a genuine issue of fact for trial as to that motive.[2] Accordingly, the Court will grant Plaintiff's objection as to the disposition of Case One, Claim 14 and will deny Defendants' motion for summary judgment on that claim.

---

[2] To be sure, both affidavits are problematic in that they apparently reference statements that Belanger made *before* she issued the misconduct ticket against Plaintiff on March 9, 2018. Nevertheless, they both suggest that she had a retaliatory motive for targeting Plaintiff with a misconduct ticket due to his PREA grievance.

3

Objection 3

Plaintiff objects to the R&R's discussion of the video evidence regarding Defendant Ford's allegedly retaliatory actions. Plaintiff contends that R&R mistakenly identifies Plaintiff in the videos as a person wearing orange shorts. Plaintiff contends that he was wearing blue shorts. The videos clearly show otherwise. Plaintiff's face is visible in the video footage and the person that Plaintiff identifies as himself in the video—i.e., the individual who stepped out of line at the officer's desk and later removed his shirt—wore orange shorts. Thus, the R&R's identification of Plaintiff is correct.

Plaintiff also contends that the magistrate judge ignored his retaliation claim against Ford. However, resolution of that claim follows from the discussion in the R&R. As the R&R indicates, the video shows a brief, minimally invasive pat-down search by Ford. Such a search was not an adverse action. It was the sort of search that prisoners can reasonably expect to receive on a regular basis in the prison environment. *See Reynolds-Bey v. Harris*, 428 F. App'x 493, 503-04 (6th Cir. 2011) (noting that "routine inconveniences of prison life . . . do not constitute adverse action" and that "[a] single shakedown, unaccompanied by excessive use of force, verbal threats, a pattern of previous questionable shakedowns or other such factors, would not meet the adverse action standard").

The R&R does not discuss Ford's alleged statements and threats during the search, but even if they occurred, they do not render the search an adverse action. Plaintiff claims that he removed his shirt because Ford ordered him to do so. The video does not clearly show whether Ford made that order, but such an order does not rise to the level of an adverse action under the circumstances. Plaintiff took his shirt off and then put it back on moments later. There is nothing adverse about requiring a male prisoner to briefly remove his t-shirt.

Plaintiff also claims that Ford told Plaintiff that he "better stop filing grievances or next time it'll be worse." (Compl., ECF No. 1, PageID.22.) The video does not show whether Ford made such a statement, but even if he did, it does not change the outcome. The video shows a calm interaction between Plaintiff and Ford with no indication of any hostility, aggressiveness, or inappropriate conduct by Ford. Accordingly, in context, the threat that "next time it'll be worse" was too vague and meaningless to support a retaliation claim. *Cf. Hardy v. Adams*, No. 16-2055, 2018 WL 3559190, at *3 (6th Cir. Apr. 13, 2018) (holding that an alleged threat to make a prisoner's life a "living hell" was "too vague to satisfy the adverse action requirement of [a] retaliation claim"). Thus, despite Plaintiff's objection, the outcome is the same.

<u>Objection 4</u>

Plaintiff again asserts that the video shows a different prisoner wearing orange shorts. That assertion is "blatantly contradicted" by the video evidence. *See Scott v. Harris*, 550 U.S. 372, 380 (2007). Thus, this objection is without merit.

<u>Objection 5</u>

Plaintiff objects to the dismissal of Defendant Batho. In Case One, Defendant Batho and other Defendants sought dismissal of the claims against them due to Plaintiff's failure to exhaust his administrative remedies. (Defs.' Mot. for Summ. J., ECF No. 53.) Defendants provided evidence of the relevant grievances that Plaintiff had exhausted through step III of the grievance process; Batho was not mentioned in any of them. (*See* Defs.' Br. in Supp. of Summ. J., ECF No. 54.) When responding to Defendants' motion, Plaintiff offered no evidence of exhaustion of grievances against Batho. (*See* Pl.'s Resp., ECF No. 56.)

The magistrate judge identified one retaliation claim against Batho (among twenty total claims in the complaint) and then recommended dismissal of that claim due to failure to exhaust.

5

(7/25/2019 R&R 12, ECF No. 70.) Plaintiff did not object to that R&R, so the Court adopted it. The Court did not expressly dismiss Batho in its order adopting that R&R, even though the only claim against him that had been identified and discussed was dismissed.

When Defendants again moved for summary judgment, they asked the Court to dismiss Batho because the Court had resolved Plaintiff's claims against him. Plaintiff did not respond to that issue in his briefing. He now contends in his objections that the Court has not resolved an exhausted claim against Batho regarding statements that Batho made to Plaintiff on March 14, 2018. (*See* Compl., ECF No. 1, PageID.17.) Plaintiff's objection is not properly before the Court, for several reasons.

First, Plaintiff did not respond to Defendants' *first* motion for summary judgment regarding dismissal of Defendant Batho due to failure to exhaust. Nor did he object to the magistrate judge's summary of his claims in the Court's July 25, 2019, R&R, which identified only one claim against Batho and recommended dismissal of that claim due to failure to exhaust. Plaintiff cannot object to those determinations using arguments that he never presented to the magistrate judge. *See Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000) ("[W]hile the Magistrate Judge Act, 28 U.S.C. § 631 et seq., permits *de novo* review by the district court if timely objections are filed, absent compelling reasons, it does not allow parties to raise at the district court stage new arguments or issues that were not presented to the magistrate.").

Second, Plaintiff did not raise the existence of an exhausted but unresolved claim against Batho when responding to Defendants' more recent motion for summary judgment, in which they asked the Court for an order expressly dismissing Batho. Plaintiff's objections are not the proper place for raising new arguments in opposition to Defendants' motion. And in any case, Plaintiff

6

identifies no evidence to support his assertion that he exhausted a claim against Batho. Accordingly, the objection will be denied.

Objection 6

Finally, Plaintiff objects to the disposition of his deliberate indifference claim against Defendants Miller, Brown, and Horton for allegedly failing to protect Plaintiff. The magistrate judge determined that Plaintiff failed to present evidence that they were aware of the need for protection because Plaintiff himself asserts that he did not speak to them about being sexually assaulted until over a week after the assault allegedly occurred. (R&R 29-30.)

Plaintiff objects that "the record will demonstrate" that Defendants were aware of an unidentified risk of harm on February 2, 2018, because he spoke with them on February 1, 2018. (Objections, ECF No. 152, PageID.1129.) He does not indicate what part of the record presented to the magistrate judge supports this assertion or what risk he is referring to. Moreover, the time for presenting evidence has passed. Plaintiff had the opportunity to demonstrate the existence of a question of fact on this claim when responding to the motion for summary judgment. He did not do so. His promise that the record "will demonstrate" something in the future does not suffice. Thus, this objection is also meritless. Accordingly, for all the foregoing reasons,

**IT IS ORDERED** that Plaintiff's objections to the R&R (Case One, ECF No. 152; Case Two, ECF No. 108) are **GRANTED IN PART**. The objections are granted *solely* as to the resolution of the retaliation claim in Case One, Claim 14. In all other respects, the objections are denied.

**IT IS FURTHER ORDERED** that the R&R (Case One, ECF No. 151; Case Two, ECF No. 107) is **APPROVED** and **ADOPTED IN PART** as the opinion of the Court. The Court

adopts the R&R in full, except with respect to its discussion of Case One, Claim 14.  The Court rejects the recommended disposition of that claim.

**IT IS FURTHER ORDERED** that Defendants' motion for summary judgment (Case One, ECF No. 130; Case Two, ECF No. 85) is **GRANTED IN PART** and **DENIED IN PART** *as set forth in the R&R*, except with respect to Case One, Claim 14.  As to the latter claim, Defendants' motion is **DENIED**.

**IT IS FURTHER ORDERED** that Defendants are entitled to summary judgment as to Case One, claims 2, 4, 8, and 20, and Case Two, claims 1, 4, and 5.

**IT IS FURTHER ORDERED** that, for the sake of clarity, Defendant Batho is **DISMISSED** as a defendant in Case One due to Plaintiff's failure to exhaust administrative remedies against him.

**IT IS FURTHER ORDERED** that, to the extent an Unknown Defendant remains a defendant in Case Two, that defendant is **DISMISSED** due to lack of service.

**IT IS FURTHER ORDERED** that, due to resolution of the remaining claims against them, Defendants Miller, Brown, and Ford are **DISMISSED** as defendants in Case One, and Defendants Burke and Belanger[3] are **DISMISSED** as defendants in Case Two.  (*See* R&R 8-10 (detailing claims and defendants).)

The following claims remain pending:  Case One, claims 1, 3, 7, 10, 13, 14, 15, and 18, and Case Two, claims 2 and 3.  Based on those claims, the following defendants remain in the consolidated action:  Defendants Martin, Stabile, Simpson, Green, Bigger, Pawley, Belanger, Horton, Weems, Benson, and Olmstead.

Dated:  March 26, 2021                                                     /s/ Hala Y. Jarbou
                                                                                          HALA Y. JARBOU
                                                                                          UNITED STATES DISTRICT JUDGE

---

[3] Belanger remains a defendant in Case One.